IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KRAFT FOODS HOLDINGS, INC.,

                         Plaintiff,

       v.

THE PROCTER & GAMBLE COMPANY,

                        Defendant.

ORDER

07-cv-613-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On October 26, 2007, plaintiff Kraft Foods Holdings, Inc. filed its complaint in this lawsuit in which it alleged that defendant The Procter & Gamble Company was infringing on plaintiff's United States Patent No. 7,074,443 (the '443 patent). Since that time the parties have battled their way to the cusp of the summary judgment deadline, filing a handful of non-dispositive discovery motions along the way. The most recently filed discovery motion is defendant's motion to strike plaintiff's supplemental disclosures and discovery responses (dkt. #120). The purpose of the motion is to prevent plaintiff from accusing defendant's modified design and second modified design coffee containers of infringing on the '443 patent.

Defendant's core contention is that it will be prejudiced in filing summary judgment

1

motions regarding the modified and second modified containers because plaintiff did not disclose its contention that those products were infringing until several weeks before the summary judgment deadline.  Defendant does not dispute that the two "new" products fall within the allegations of infringement in plaintiff's second amended complaint. Furthermore, it appears that the two modified containers are mere alterations of the original container, which plaintiff alleged was infringing the '443 patent from the beginning of the lawsuit.  From defendant's discussion of the modifications, it appears that although the alterations may save the modified containers from infringement, they are not alterations that should work any great change in defendant's defense of plaintiff's infringement allegations. Accordingly, defendant's motion to strike will be denied.

Although I am denying defendant's motion, I am aware that some extra time to address the infringement of the two modified containers is necessary because plaintiff did not assert that those containers were infringing until several weeks before the summary judgment deadline.  However, I do not believe that defendant needs a great amount of time to be able to properly defend against plaintiff's additional infringement allegations. Accordingly, the parties will be permitted to file supplemental summary judgment motions regarding only the two modified containers after the original May 23 summary judgment deadline.  Any supplemental summary judgment motion must adhere to the following modified briefing schedule: (1) supplemental summary judgment motions due by June 2,

2

2008; (2) responses due June 16; and (3) replies due June 23.

ORDER

IT IS ORDERED that

1.  Defendant The Procter & Gamble Company's motion to strike (dkt. #120) is DENIED.

2.  Defendant's motion for a hearing on its motion to strike (dkt. #134) is DENIED as moot.

3.  The parties are permitted to file supplemental summary judgment motions regarding only the two modified containers in accordance with the following briefing schedule:

    a.  Supplement summary judgment motions due: June 2, 2008;

    b.  Responses due: June 16, 2008; and

    c.  Replies due: June 23, 2008.

Entered this 21st day of May, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3